UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
TORCHLIGHT LOAN SERVICES, LLC, AS SPECIAL :
SERVICER TO U.S. BANK NATIONAL :
ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN- :
INTEREST TO BANK OF AMERICA, N.A. AS :
TRUSTEE FOR THE REGISTERED HOLDERS OF     :      12 Civ. 08579 (RWS)
CREDIT SUISSE FIRST BOSTON MORTGAGE :
SECURITIES CORP., COMMERCIAL MORTGAGE :
PASS-THROUGH CERTIFICATES, SERIES 2007-C2, :
                                                                                      :
                                Plaintiff,                        :
                                                                                      :
        -against-                                             :
                                                                                      :
COLUMN FINANCIAL, INC. and CREDIT SUISSE :
(USA), INC.,                                                             :
                                                                                      :
                              Defendants.                   :
------------------------------------------------------------------------ x


**MEMORANDUM OF LAW BY DEFENDANTS COLUMN FINANCIAL, INC.
AND CREDIT SUISSE (USA), INC. IN SUPPORT OF THEIR MOTION TO SEVER
<u>CLAIMS UNDER RULE 21 OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**


**Duval & Stachenfeld LLP
101 Park Avenue, 11th Floor
New York, NY 10178
Attorneys for Defendants**

**TABLE OF CONTENTS**

                                                                                                         **Page**

TABLE OF AUTHORITIES .................................................................................................... iii
PRELIMINARY STATEMENT .................................................................................................. 1
FACTUAL AND PROCEDURAL BACKGROUND .................................................................. 2
    A.    The Elgin Action ................................................................................................. 2
    B.    The Circle Pines Action ...................................................................................... 4
    C.    The Current Action .............................................................................................. 5
THE CIRCLE PINES CLAIMS SHOULD BE SEVERED FROM THIS LAWSUIT
PURSUANT TO RULE 21 ............................................................................................................ 6
    1.    The Circle Pines Claims Arise Out of a Separate Mortgage Transaction ........... 7
    2.    The Circle Pines Claims Present Different Issues of Fact and Law ................... 7
    3.    Severance of the Circle Pines Claims Would Facilitate Judicial Economy and Fairness ... 8
    4.    Severance Would Result in No Prejudice ........................................................... 8
    5.    The Circle Pines Claims Require Different Witnesses and Documentary Proof ... 9
CONCLUSION ............................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                         **Page**

<u>Augme Techs., Inc. v. AOL Inc.</u>,
   No. 09 Civ. 4299, 2012 U.S. Dist. LEXIS 88463 (S.D.N.Y. June 26, 2012) ........................ 6, 7

<u>Boston Post Rd. Med. Imaging, P.C. v. Geico Gen. Ins. Co.</u>,
   No. 03 Civ. 7390 (JCF), 2004 U.S. Dist. LEXIS 16015 (S.D.N.Y. Aug. 12, 2004) .............. 6,7

<u>Preferred Med., P.C. v. Geico Gen. Ins. Co.</u>,
   No. 03 Civ. 8516 (DCF), 2005 U.S. Dist. LEXIS 25078 (S.D.N.Y. Oct. 26, 2005) ................. 7

Defendants Column Financial, Inc. ("Column") and Credit Suisse (USA), Inc. ("Credit Suisse") (collectively, "Defendants"), by their attorneys, Duval & Stachenfeld LLP, respectfully submit this memorandum of law and the Declaration of Brian A. Burns, dated December 21, 2012 (the "Burns Decl."), with the attached exhibits,[1] in support of their motion to sever claims from the complaint (the "Complaint") filed by plaintiff Torchlight Loan Services, LLC ("Torchlight"), pursuant to Federal Rule of Civil Procedure 21.

## PRELIMINARY STATEMENT

Plaintiff Torchlight initially filed two separate actions against Defendants. In each, Torchlight alleged that Column breached representations and warranties made in a Mortgage Loan Purchase Agreement (the "MLPA") through which more than two hundred mortgages were assigned to a trust. In the first action (the "Elgin Action"), which was assigned to this Court, Torchlight's claims (the "Elgin Claims") were based on supposed misrepresentations made by Column concerning a $9.55 million mortgage (the "Elgin Mortgage") for a commercial property located in Elgin, Illinois (the "Elgin Property"). More than a year later, after Column had filed an extensive motion to dismiss and the Court had dismissed most of Torchlight's claims in the Elgin Action, Torchlight initiated a second action (the "Circle Pines Action"). In this new lawsuit, Torchlight asserted entirely separate claims (the "Circle Pines Claims"), alleging that Column made misrepresentations with respect to a $7.1 million loan (the "Circle Pines Mortgage") for a commercial property in Circle Pines, Minnesota (the "Circle Pines Property"). Torchlight requested that the Circle Pines Action be assigned to this Court as a related matter, but the Court declined to accept.

In the Elgin Action, Torchlight filed an amended complaint (the "Amended

---

[1] Unless otherwise stated, all exhibits are attached to the Burns Decl. and will be referred to as "Ex. __."

Complaint"), which named Credit Suisse as a defendant for the first time, and Defendants again moved to dismiss the claims against them for failure to state a cause of action. On the very day that Torchlight's response to the motion to dismiss was due, Torchlight elected voluntarily to dismiss the Elgin Action. Torchlight had voluntarily dismissed the Circle Pines Action without prejudice before completing service of process. Torchlight then consolidated the claims from both cases into a single pleading, which it filed in State Court. After Defendants removed this action to federal court, the Court accepted the new complaint as related to the Elgin Action.

Defendants now move to sever the Circle Pines Claims from this lawsuit pursuant to Fed. R. Civ. P. 21. Severance is appropriate because the Circle Pines Claims and the Elgin Claims concern separate transactions and raise different questions of fact and law. Severance of the Circle Pines Claims is also consistent with the goals of judicial efficiency and fairness. As the Elgin Action was assigned to this Court, the Elgin Claims should remain here. The separate Circle Pines Claims should be severed and be returned for reassignment to another judge. For these reasons, as explained in greater detail below, Defendants request that the Court grant their motion to sever the Circle Pines Claims.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.     The Elgin Action**

Fifteen months ago, on September 7, 2011, Torchlight initiated the Elgin Action by filing a complaint against Column in the Supreme Court of the State of New York, County of New York, Index No. 652473/11, captioned <u>Torchlight Loan Services, LLC, as Special Servicer to U.S. Bank National Association, as Trustee, as Successor-In-Interest to Bank of America, N.A., as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage</u>

2

Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C2 v. Column Financial, Inc. Ex. A.  On October 20, 2011, Column timely removed the Elgin Action to the United States District Court for the Southern District of New York (11 Civ. 7426).  Torchlight did not contest the removal, and the case was assigned to this Court.

In the Elgin Action, Torchlight asserted claims against Column for breach of contract, fraud, and declaratory judgment.  See id. ¶¶37-51.  Torchlight alleged that Column made false and inaccurate statements with regard to "the condition of the commercial property located at 1200 St. Charles Road, Elgin, Illinois," which was secured by a $9.55 million mortgage issued on March 5, 2007.  Id. ¶¶2-5.  Among other things, Torchlight alleged that Column had represented that the Elgin Property was free from material damage when it actually had a leaking roof.  Id. ¶5.  Torchlight also alleged that Column had wrongfully represented that the Elgin Property had "certain vital improvements," such as parking lots and paved access roads, that in reality were on adjacent properties.  Id. ¶4.  According to Torchlight, these inaccurate statements breached seven representations and warranties set forth in the MLPA that investors relied upon when signing a Pooling and Servicing Agreement (the "PSA").  Id. ¶¶2-9.

More than one year ago, on November 18, 2011, Column moved to dismiss the Elgin Action for failure to state a claim.  On July 22, 2012, following full briefing and oral argument, the Court issued an opinion (the "Opinion") dismissing nearly all of Torchlight's claims.  The Opinion dismissed Torchlight's claims for fraud and declaratory judgment.  Ex. B at 23-35.  The Court also found that five of the seven representations and warranties underlying Torchlight's breach of contract claim were deficient as a matter of law.  Id. at 12-23.  (The Court allowed Torchlight to file an amended complaint.)

On August 13, 2012, Torchlight filed an amended complaint (the "Amended Complaint"). See Ex. C.  Aside from dropping claims for fraud and declaratory judgment, Torchlight's allegations against Column in the Amended Complaint were substantially similar to the prior allegations.  Id. ¶¶65-74.  The Amended Complaint also named Credit Suisse as a defendant for the first time.  Torchlight asserted a claim for breach of contract against Credit Suisse, alleging that it had failed to comply with a guarantee (the "Guarantee") signed as part of the transaction.  Id. ¶¶75-81.

On September 28, 2012, Defendants again moved to dismiss, this time the Amended Complaint, in its entirety, for failure to state a cause of action.  Ex. D.  On November 5, 2012, however -- the very date that Torchlight's opposition to the motion was due -- Torchlight filed a notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), dismissing the case without prejudice.  Ex. E.

**B.    The Circle Pines Action**

On October 22, 2012, Torchlight began the Circle Pines Action by filing a new complaint against Defendants in the United States District Court for the Southern District of New York captioned <u>Torchlight Loan Services, LLC, as Special Servicer to U.S. Bank National Association, as Trustee, as Successor-In-Interest to Bank of America, N.A., as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C2 v. Column Financial, Inc., et al.</u> (12 Civ. 7870).  Ex. F.

The Circle Pines Claims were premised on Column's supposed misrepresentations made in connection with a $7.1 million mortgage issued on December 28, 2006 for 48 units of an apartment building located at 33 Village Parkway, Circle Pines, Minnesota.  Id. ¶¶1-10.

According to Torchlight, Column failed to disclose, among other things, that the Circle Pines Mortgage was for only 48 of the 120 units of the apartment building, and the units secured by the mortgage did not comply with the Minnesota Building Code because they did not have "roof access, a fire panel, [a] sprinkler system, or two staircases for a fire escape."  Id. ¶6.  Based on the alleged misrepresentations, Torchlight asserted claims for breach of contract and fraud against Column, alleging that Column had made false and inaccurate statements in violation of the MLPA and the PSA.  See id. ¶¶145-65.  Torchlight also asserted a claim for breach of contract against Credit Suisse, alleging breach of the Guarantee.  Id. ¶¶166-74.

When filing the complaint for the Circle Pines Action, Torchlight requested that the matter be assigned to this Court on grounds that it was related to the Elgin Action, even though its claims were based on an entirely separate mortgage, issued at a different time, for a different property, in a different state.  Ex. G at 1-2.  The Court found that the Circle Pines Action was not related to the Elgin Action, and the case was later reassigned to another judge.  Id. at 4.

Before service of process had been effected, on November 5, 2012 -- before Defendants responded to the Circle Pines Action -- Torchlight elected to voluntarily dismiss the Circle Pines Action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Ex. H.

**C.     The Current Action**

On November 19, 2012, following the voluntary dismissals of the Elgin Action and the Circle Pines Action, plaintiff initiated this action by filing a complaint against Defendants in the Supreme Court of the State of New York, County of New York captioned Torchlight Loan Services, LLC, as Special Servicer to U.S. Bank National Association, as Trustee, as Successor-In-Interest to Bank of America, N.A., as Trustee for the Registered Holders of

5

Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C2 v. Column Financial, Inc., et al. (Index No. 654003/2012).  Ex. I.  In the Complaint, Torchlight dropped its remaining fraud claims and otherwise combined the Elgin Claims and Circle Pines Claims into a single lawsuit.  Torchlight alleged that Column's purported misrepresentations with regard to the Elgin Property and the Circle Pines Property breached the MLPA and the PSA.  Id. ¶¶165-74.  It also alleged that Credit Suisse breached the Guarantee based on these same supposed misrepresentations.  Id. ¶¶175-83.

On November 26, 2012, Defendants removed this action to the United States District Court for the Southern District of New York, and requested that the matter be assigned to this Court.  On December 7, 2012, the Court accepted this case as related to the Elgin Action.

### THE CIRCLE PINES CLAIMS SHOULD BE SEVERED FROM THIS LAWSUIT PURSUANT TO RULE 21

While "a party may assert unrelated claims against a single defendant in the same lawsuit," the court "may . . . sever those claims under Rule 21."  Boston Post Rd. Med. Imaging, P.C. v. Geico Gen. Ins. Co., No. 03 Civ. 7390 (JCF), 2004 U.S. Dist. LEXIS 16015, at *9-10 (S.D.N.Y. Aug. 12, 2004).  "Courts may order a Rule 21 severance when it will serve the ends of justice and further the prompt and efficient disposition of the litigation."  Augme Techs., Inc. v. AOL Inc., No. 09 Civ. 4299, 2012 U.S. Dist. LEXIS 88463, at *5 (S.D.N.Y. June 26, 2012) (internal quotation marks and citation omitted).  Courts will exercise their discretion to sever claims based on any one of the following factors:  (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement of the claims or judicial

6

economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; (5) whether different witnesses and documentary proof are required for the separate claims. Id. at *6 (citation omitted). These factors uniformly support severance of the Circle Pines Claims.

### 1. The Circle Pines Claims Arise Out of a Separate Mortgage Transaction

Even when two sets of claims are based on the same contract, they are not considered part of the same transaction or occurrence when "each claim arises out of a distinct factual scenario." Preferred Med., P.C. v. Geico Gen. Ins. Co., No. 03 Civ. 8516 (DCF), 2005 U.S. Dist. LEXIS 25078., at *10-11 (S.D.N.Y. Oct. 26, 2005). Although Torchlight's claims are based on the same two agreements -- the MLPA and the PSA -- they arise out of two completely separate transactions with no relationship to one another. The Circle Pines Claims concern a $7.1 million mortgage issued by Column in December 2006 for an apartment building in Minnesota. The Elgin Claims, in contrast, are based on alleged misrepresentations relating to a $9.55 million mortgage issued in March 2007 for a commercial property in Illinois. Because the Circle Pines Claims and the Elgin Claims are based on separate transactions occurring at different times and involving properties in different states, it is appropriate to sever the Circle Pines Claims from the Elgin Claims.

### 2. The Circle Pines Claims Present Different Issues of Fact and Law

Similarly, severance is appropriate when claims are based on contracts that "are identical," but "the legal and factual issues involved in the[] claims are not." Boston Post Rd., 2004 U.S. Dist. LEXIS 16015, at *11-12. Here, the Circle Pines Claims and the Elgin Claims are based on the same MLPA and PSA, but they present entirely different legal issues. As explained above, the Circle Pines Claims turn on whether or not Column made

7

the claimed misrepresentations by failing to disclose, among other things, whether the applicable apartment units were in compliance with the Minnesota Building Code. The Elgin Claims raise entirely different issues, such as whether Column wrongfully misrepresented the condition of the Elgin Property roof and whether Column incorrectly represented that certain parking lots and paved access roads were part of the property. As a result, this factor also favors severance of the Circle Pines Claims.

### 3. Severance of the Circle Pines Claims Would Facilitate Judicial Economy and Fairness

Fairness and judicial economy also weigh in favor of severance. When Torchlight initially filed the Circle Pines Action, it requested that it be treated as related to the Elgin Action. But, as the Circle Pines Claims presented entirely separate legal and factual issues, the Court naturally declined to treat the Circle Pines Action as a related matter. Ex. G at 4. As a matter of fairness, Torchlight should not be permitted to effectively overturn the Court's determination by simply dismissing the separate Elgin Action and Circle Pines Action, and then refiling them as a consolidated case. Rather, the separate Circle Pines Claims should be reassigned to another judge.

Severance also supports judicial efficiency, as it will permit this Court to continue to preside over the Elgin Claims, which were previously assigned to it, while also allowing a new judge to oversee the unrelated Circle Pines Claims.

### 4. Severance Would Result in No Prejudice

Severance of the Circle Pines Claims would not result in any prejudice to Torchlight. Rather, Torchlight would be able to refile the Circle Pines Claims and be placed back in

exactly the same position that it was in before it inexplicably decided to voluntarily dismiss the Elgin Action and Circle Pines Action.

### 5. The Circle Pines Claims Require Different Witnesses and Documentary Proof

As explained above, the Circle Pines Claims and Elgin Claims are premised on supposed misrepresentations about different commercial properties in Minnesota and Illinois, respectively. As a result, these clams call for two separate universes of evidence -- documents and testimony relating to the Circle Pines Property and Circle Pines Mortgage on the one hand, and documents and testimony relating to the Elgin Property and Elgin Mortgage on the other hand. Consequently, this factor also favors severance.

### CONCLUSION

For these reasons, Defendants request that the Court grant their motion and sever the Circle Pines Claims against them pursuant to Federal Rule 21.

Dated: New York, New York
December 21, 2012

Respectfully submitted,

Duval & Stachenfeld LLP

By: _____
Allan N. Taffet
Brian A. Burns
Joshua C. Klein
101 Park Avenue, Eleventh Floor
New York, New York 10178
Tel. No.: (212) 883-1700

Attorneys for Defendants Column Financial, Inc. and Credit Suisse (USA), Inc.