UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

TORCHLIGHT LOAN SERVICES, LLC, AS          :
SPECIAL SERVICER TO U.S. BANK NATIONAL     :
ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-     :
IN-INTEREST TO BANK OF AMERICA, N.A., AS   :      12 Civ. 8579 (RWS)
TRUSTEE FOR THE REGISTERED HOLDERS OF      :
CREDIT SUISSE FIRST BOSTON MORTGAGE        :
SECURITIES CORP., COMMERCIAL               :
MORTGAGE PASS-THROUGH CERTIFICATES,        :
SERIES 2007-C2,                            :
                                           :
                                           :
                         Plaintiff,        :
                                           :
          -against-                        :
                                           :
COLUMN FINANCIAL, INC. AND CREDIT          :
SUISSE (USA), INC.,                        :
                                           :
                         Defendants.       :
                                           :
                                           :
------------------------------------------------------------- x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND
TO THE SUPREME COURT OF THE STATE OF NEW YORK**

SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York  10169
(212) 818-9200

*Attorneys for Plaintiff Torchlight Loan
Services, LLC*

1570484_1

## **Table of Contents**

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .....................................................................……1

FACTUAL BACKGROUND.....................................................................................3

PROCEDURAL BACKGROUND............................................................................4

ARGUMENT .............................................................................................................5

     I.      DEFENDANTS REMOVED THIS ACTION WITHOUT A BASIS
            FOR FEDERAL SUBJECT MATTER JURISDICTION ......................................6

     II.     DEFENDANTS REMOVED THIS ACTION IN CONTRAVENTION
            OF THE FORUM DEFENDANT RULE ..............................................................8

CONCLUSION.........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Allen v. GlaxoSmithKline PLC,
    07-cv-5045 (MMB), 2008 WL 2247067 (E.D. Pa. May 30, 2008) ...................................10

Allied Programs Corp. v. Puritan Ins. Co.,
    592 F. Supp. 1274 (S.D.N.Y. 1984).............................................................................2, 8, 11

Allstate Ins. Co., v, CitiMortgage, Inc.,
    11-cv-1927(RJS), 2012 WL 967582 (S.D.N.Y. Mar. 13, 2012)..........................................5

Bayerische Landesbank, New York Branch v. Merrill Lynch & Co. et al.,
    12 Civ. 3856 (LAK) (S.D.N.Y. July 16, 2012).........................................................2, 9, 10

Brown v. Organon Int'l, Inc.,
    2008 WL 2833294 (D.N.J. July 21, 2008).........................................................................9

Castellano v. City of New York,
    142 F.3d 58 (2d Cir. 1998)...............................................................................................11

Castner v. Exxon Co., U.S.A.,
    563 F. Supp. 684, 687 (E.D. Pa. 1983) ..............................................................................8

DeAngelo-Shuayto v. Organon USA Inc.,
    Civil Action No. 07-2923 (SRC), 2007 WL 4365311 (D.N.J. Dec. 12, 2007)...................9

Ethington v. Gen. Elec. Co.,
    575 F. Supp. 2d 855, 862 (N.D. Ohio 2008).......................................................................9

Fields v. Organon USA Inc.,
    07-cv-2922(SRC), 2007 WL 4365312 (D.N.J. Dec. 12, 2007) ........................................11

Hawkins v. Cottrell, Inc.,
    785 F. Supp. 2d 1361 (N.D. Ga. 2011) (O'Kelley, J.).............................................9, 10, 11

Hertz Corp. v. Friend,
    130 S. Ct. 1181 (2010)........................................................................................................9

Holmstrom v. Harad,
    05-cv-2714 (MEA) 2005 WL 1950672 (N.D. Ill. Aug. 11, 2005) ...................................11

Ibarra v. Protective Life Ins. Co.,
    No. CV–09–049–TUC–CKJ, 2009 WL 1651292 (D. Ariz. June 12, 2009).......................9

In re Avandia Mktg., Sales Practices & Products Liab. Litig.,
  624 F. Supp. 2d 396 (E.D. Pa. 2009) ................................................................9

In re Fosamax Prods. Liab. Litig.,
  2008 WL 2940560 (S.D.N.Y. July 29, 2008) .................................................11

In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,
  488 F.3d 112 (2d Cir. 2007).............................................................................5

Navarro Sav. Assn. v. Lee,
  446 U.S. 458 (1980)..................................................................................1, 6, 7

Oscar Gruss & Son, Inc. v. Hollander,
  337 F.3d 186 (2d Cir. 2003)...................................................................1, 6, 7, 8

Sandstrom v. ChemLawn Corp.,
  904 F.2d 83 (1st Cir. 1990) ............................................................................11

Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.,
  314 F. Supp. 2d 177 (S.D.N.Y. 2003)............................................................10

Standing v. Watson Pharms. Inc.,
  No. CV09-0527 DOC(ANX), 2009 WL 842211 (C.D. Cal. Mar. 26, 2009) ....................9

Stop & Shop Supermarket Co. LLC v. Goldsmith,
  2011 WL 1236121 (S.D.N.Y. Mar. 31, 2011) ................................................11

Sullivan v. Novartis Pharms. Corp.,
  575 F. Supp. 2d 640, 647 (D.N.J. 2008) ..........................................................9

Torchlight Loan Services, LLC v. Column Fin., Inc.,
  No. 11 Civ. 7426(RWS), 2012 WL 3065929 (S.D.N.Y. July 25, 2012) ........................4, 7

U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC,
  859 F. Supp. 2d 602 (S.D.N.Y. 2012)...............................................................8

**STATUTES AND RULES**

28 U.S.C. § 1332(a) ...............................................................................................1, 5

28 U.S.C. § 1441(b) ....................................................................................2, 8, 10, 11

Fed. R. Civ. P. 17(a) ..............................................................................................7

Fed. R. Civ. P. 41(a) ..........................................................................................5, 11

**OTHER AUTHORITIES**

C. Wright & A. Miller, 9 Fed. Prac. & Proc. Civ. § 2367 (3d ed.)................................11

By this motion to remand, Plaintiff Torchlight Loan Services, LLC ("Torchlight") seeks to have this action—alleging purely state law claims and involving parties who are all citizens of the State of New York—returned to the Supreme Court of the State of New York, from which it was improperly removed.

## PRELIMINARY STATEMENT

Defendants' removal of this action was contrary to the express command of governing statutes, the precedents of this and other courts, as well as common sense.

First, this Court lacks subject matter jurisdiction over this action.  Plaintiff Torchlight is a citizen of New York, as are Defendants Column Financial, Inc. ("Column") and Credit Suisse, (USA), Inc. ("Credit Suisse").  Although there is no—let alone the required complete—diversity of citizenship, Defendants grounded their removal on diversity subject matter jurisdiction.

Defendants contend that this Court should ignore the sole named plaintiff—Torchlight—and instead look to the citizenship of a non-party, U.S. Bank National Association (a citizen of Ohio), which is the trustee of the underlying trust that issued the mortgage-backed securities at issue here.  Defendants are wrong.

Under settled law, it is Torchlight's citizenship that must be considered in determining whether the diversity requirements of 28 U.S.C. § 1332(a) are satisfied.  Pursuant to governing Supreme Court and Second Circuit precedent, where a plaintiff has its "own stake in the litigation" and "is entitled to a portion of the damages award," it is a "real and substantial part[y] to the controversy," whose citizenship will control for the purposes of determining diversity jurisdiction.[1]  The governing standard is amply satisfied here, given that Torchlight has

---

[1] Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193-194 (2d Cir. 2003) (quoting Navarro Sav. Assn. v. Lee, 446 U.S. 458, 460 (1980)).

the express contractual right, not only to file but also to control the prosecution of this action—and also stands directly to benefit from the damages award when Torchlight prevails on its claims.

      <u>Second</u>, Defendants removed this action in contravention of the forum defendant rule; accordingly, remand would be required even if this Court had subject matter jurisdiction over this action.  The forum defendant rule set forth in 28 U.S.C. § 1441(b)(2) prohibits removal where one of the defendants is a citizen of the forum state.  Here both of the Defendants are citizens of New York.

      Defendants contend that they have identified a loophole that permits a forum state defendant to remove on diversity grounds before it is formally served with a complaint.  Defendants are wrong again.  This Court has repeatedly recognized that the citizenship of the defendant must "be considered in examining the appropriateness of removal," regardless of whether the notice of removal is filed prior to or after the service of the complaint.[2]  Indeed, as Judge Kaplan recently stated in rejecting the very same procedural gambit Defendants attempt here:  the proposition that an in-state defendant can invoke diversity jurisdiction is not only at odds with the governing statute, it also "doesn't make the slightest bit of sense," given that "[t]he whole point of allowing removal in diversity cases was to protect out-of-staters against presumed in-state prejudice."[3]

---

    [2] <u>Allied Programs Corp. v. Puritan Ins. Co.</u>, 592 F. Supp. 1274, 1276 (S.D.N.Y. 1984) (Sweet, J.)

    [3] <u>Bayerische Landesbank, New York Branch v. Merrill Lynch & Co. et al.</u>, 12 Civ. 3856 (LAK), hearing tr. at 8 (S.D.N.Y. July 16, 2012).  The July 16, 2012 Hearing Transcript in <u>Bayerische Landesbank</u> is attached as Exhibit A to the Declaration of Nathan J. Berkebile in Support of Plaintiff's Motion to Remand to the Supreme Court of the State of New York ("Berk. Decl.").  All other exhibits referenced herein are attached to the Berk. Decl. and shall be referred to as "Ex. __", except for Plaintiff's Complaint in <u>Torchlight Loan Services, LLC v. Column Financial, Inc. et al.</u> (Index No. 654003/2012), filed in the Supreme Court of the State of New York, New York County on November 19, 2012 (Ex. B), which shall be referred to as "Compl."

## FACTUAL BACKGROUND

Torchlight is a citizen of New York and is the Special Servicer of a mortgage-backed security offering known as Series 2007-C2.  Torchlight brought this action against Column, a New York citizen—as well as Credit Suisse, also a New York citizen and the contractual guarantor of Column—to enforce Column's obligation to repurchase two commercial real estate loans that were part of the Series 2007-C2 offering.

Column originated the two loans at issue and thereafter, pursuant to a Mortgage Loan Purchase Agreement, dated as of May 1, 2007 (the "MLPA"), sold them, along with a pool of hundreds of other commercial mortgage loans, to a Credit Suisse affiliate, Credit Suisse First Boston Mortgage Securities Corp. ("CSFB").  Compl. ¶ 2.

Under a Pooling and Service Agreement (the "PSA"), dated as of May 1, 2007, CSFB then transferred this pool of loans into a multi-billion dollar trust (the "Trust") established to hold the loans for the benefit of certificateholders.  The Trust then issued certificates to the depositor, CSFB, which sold the certificates to an underwriter for eventual resale to investors. The certificates are known as Series 2007-C2.  Id. ¶ 3.  U.S. Bank National Association is the current trustee of the Trust.  Id. ¶ 27.

Pursuant to the MLPA, Column made a number of express representations and warranties respecting the underlying loans, including the two loans that are the subject of this suit, and furthermore undertook an express obligation to repurchase such loans in the event its representations and warranties were false.  Id. ¶ 4.  As alleged in the Complaint, a number of these representations and warranties were false, thus giving rise to a repurchase obligation. Despite Torchlight's repeated provision of notices of breach, Column has refused to satisfy its repurchase obligations (and Guarantor Credit Suisse has failed to satisfy its repurchase

3

obligations), in accordance with the terms of the MLPA and PSA.  Accordingly, Torchlight commenced this action.  Id. ¶¶ 5-15.

## PROCEDURAL BACKGROUND

Torchlight initially filed a complaint against Column concerning one of the loans at issue here in September 2011 in the Supreme Court of the State of New York, County of New York.  Column thereafter removed the action to federal court, see Torchlight Loan Services, LLC v. Column Financial, Inc. et al. (11-cv-7426-RWS) ("Torchlight I"), contending that the trustee, an Ohio domiciliary, was the real party in interest and, as consequence, there was federal jurisdiction based on diversity of citizenship.  Column thereafter moved to dismiss the Torchlight I action.  Compl. ¶ 23.

On July 25, 2012, this Court issued an opinion, which, inter alia, upheld Plaintiff's breach of contract claim in part and further held that—contrary to Column's stated basis for removal—Torchlight was the real party in interest.  See Torchlight Loan Services, LLC v. Column Fin., Inc., No. 11 Civ. 7426(RWS), 2012 WL 3065929 (S.D.N.Y. July 25, 2012).

Torchlight was granted leave to re-plead all of its claims and filed an Amended Complaint on August 13, 2012.  On September 28, 2012, Defendants moved to dismiss the Amended Complaint in its entirety, including those breach of contract claims that this Court had previously upheld.  Notice of Removal, ECF No. 1 ¶ 3.

On October 22, 2012, Torchlight filed a second action (which involved the second of the two loans at issue here) against Defendants in this Court.  See Torchlight Loan Services, LLC v. Column Financial, Inc. et al. (12 Civ. 7870) ("Torchlight II").  Plaintiff asked this Court to designate Torchlight II as related to Torchlight I.

In the course of preparing papers in opposition to Defendants' second motion to dismiss in Torchlight I, Plaintiff further reviewed this Court's opinion respecting Defendants'

4

initial motion to dismiss, including its conclusion that—contrary to Defendants' prior contentions—Torchlight (not U.S. Bank National Association) was the real party in interest.  In light of the Court's ruling, as well as the fact that Torchlight not only has a contractual right to control the litigation, but also to share in any resulting recovery, Torchlight concluded that it (a New York citizen) was a "real and substantial party to the controversy"—and thus that there was no basis for Defendants' assertion of subject matter jurisdiction based on diversity of citizenship. Accordingly, Plaintiff exercised its express right voluntarily to dismiss both Torchlight I and Torchlight II (an action in which the complaint had been filed but not yet served on Defendants) pursuant to Rule 41(a)(1)(A)(i) on November 5, 2012.  Compl. ¶ 25.

Thereafter, on November 19, 2012, Torchlight then filed the instant New York Action, Torchlight Loan Services, LLC v. Column Financial, Inc., et al. (Index No. 654003/2012), in the Supreme Court of the State of New York, New York County.  On November 26, 2012, two days before service of the Complaint, Defendants removed the New York Action, asserting in their removal petition that the complete diversity requirements of 28 U.S.C. § 1332 were satisfied and further that the forum defendant rule did not apply because Defendants had removed the action prior to the completion of service.  Notice of Removal, ECF No. 1  ¶¶ 11, 17.

## ARGUMENT

"When challenged, the party seeking removal bears the burden of establishing that the federal district court has jurisdiction" and, on a motion for remand, the Court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff."  Allstate Ins. Co., v. CitiMortgage, Inc., 11-cv-1927(RJS), 2012 WL 967582, at *2 (S.D.N.Y. Mar. 13, 2012).  Further, "out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability."  In re Methyl Tertiary Butyl Ether

5

Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted).

Defendants cannot meet their burden, and indeed have removed this action in contravention of

the express statutory commands of Congress, and the precedents of the Supreme Court and this

Court as well.

I.   **DEFENDANTS REMOVED THIS ACTION WITHOUT A BASIS FOR FEDERAL SUBJECT MATTER JURISDICTION**

      The citizenship of a plaintiff who is a "'real and substantial part[y] to the

controversy,'" is controlling for diversity purposes.  Oscar Gruss & Son, Inc. v. Hollander, 337

F.3d 186, 193 (2d Cir. 2003) (quoting Navarro Sav. Assn. v. Lee, 446 U.S. 458, 460 (1980)).

Where a plaintiff "is entitled to a portion of the damages award . . . it possesses a valid stake in

the litigation sufficient to be considered a 'real and substantial' party for diversity purposes."

Oscar Gruss, 337 F.3d at 194.  Similarly, a right to control the prosecution or disposition of an

action is also the touchstone of a "real and substantial party to the controversy."  See Id.; see also

Navarro, 446 U.S. at 464-65 (stating that control over the litigation and an actual and substantial

interest in the subject matter of the litigation are defining characteristics of a real party to the

controversy).  Under the terms of the governing contracts, Torchlight has both a right to control

and a right to benefit from the outcome of this case—accordingly, it is plain beyond

peradventure that Torchlight is a real and substantial party to this controversy.

      First, Torchlight has a direct and express pecuniary stake in the outcome of this

case.  Under the terms of the PSA, Torchlight is entitled directly to recover a "Workout Fee"

consisting of one percent of any recovery in this action, a fee which could total approximately

$200,000.  Compl., Ex. B at Section 3.11(c).

      Second, Torchlight also had an express contractual right to file this action in its

own name, and likewise has a right to control the prosecution of the action thereafter.  Torchlight

derives its rights as the Special Servicer pursuant to the PSA, under which it may directly enforce the obligations of Column under the MLPA.  Thus, the MLPA provides: "Such enforcement, including, without limitation, the legal prosecution of claims, shall be carried out in such form, to such extent and at such time as if it were, in its individual capacity, the owner of the affected Mortgage Loan(s)."  Compl., Ex. B at Section 2.03(b).  The MLPA also permits Torchlight to "take such actions on behalf of the Trust with respect to the enforcement of such repurchase/substitution obligations" under the PSA and the MLPA "including the institution and prosecution of appropriate legal proceedings."  Id. at Section 2.03(f).  The Special Servicer "may in its discretion undertake any such action, proceeding, hearing, or examination that it may deem necessary or desirable" in protecting the interests of the Certificateholders.  Id. at Section 6.03(b).

Indeed, this Court has already held that "Torchlight is the real party in interest," for purpose of Federal Rule of Civil Procedure 17(a), respecting the matters in dispute.  Torchlight Loan Services, LLC v. Column Fin., Inc., No. 11 Civ. 7426(RWS), 2012 WL 3065929, *5 (S.D.N.Y. July 25, 2012).  The Supreme Court has held that there "is a 'rough symmetry' between the 'real party in interest' standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy."  Navarro, 446 U.S. at 462 n.9 (1980).  In fact, Column removed a prior, related action (Torchlight I) based on a contention that "the real party interest [sic] for the plaintiff  is U.S. Bank . . . as Trustee of an express trust" and "[c]onsequently, U.S. Bank," an Ohio citizen, was "the real party in interest." Ex. C at ¶ 5; ¶ 7 (emphasis added).  This Court, however, later squarely rejected Column's contention, holding that "Torchlight is the real party in interest."  Torchlight Loan Services, 2012 WL 3065929, at *5.

In sum, Torchlight's right to control—and stake in—the litigation of its claims could not be clearer.[4]

## II.   DEFENDANTS REMOVED THIS ACTION IN CONTRAVENTION OF THE FORUM DEFENDANT RULE

Even if there was subject matter jurisdiction over this action, remand would nonetheless be required because Defendants removed this action in violation of the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2).

The forum defendant rule bars removal on diversity grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Defendants here are both New York citizens, and further are the only defendants to this action.  Defendants, however, contend that they have identified a loophole that permits them to evade the operation of the forum defendant rule because they rushed to court to file their notice of removal two days before service of the Complaint was completed.  Defendants are wrong.

As this Court held a number of years ago, "the fact that [the in-state defendant] had not been served when the petition for removal was filed, although [it] was served shortly thereafter, should consequently not eliminate [it] as a party to be considered in examining the appropriateness of removal."  See Allied Programs Corp., 592 F. Supp. at 1276; accord Castner v. Exxon Co., U.S.A., 563 F. Supp. 684, 687 (E.D. Pa. 1983) (Pollak, J.).  Just this year, Judge Kaplan came to the same conclusion, and rejected an attempt by a New York defendant to

---

[4] The single case Defendants cite in purported support of their contention that the non-party trustee is the real and substantial party is inapposite.  In U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC, 859 F. Supp. 2d 602, 609 (S.D.N.Y. 2012)—unlike here—it was the  trustee that initiated the action.  Furthermore, also critically unlike here (and as the Court expressly recognized) the special servicer "[did] not have 'its own stake in the litigation.'"  Id. (citing Oscar Gruss, 337 F.3d at 194).

Of course, trustees often can and do choose to bring suit in their names in cases similar to this one.  But the fact that a trustee could have standing to sue does not mean that a special servicer who, like Torchlight, has an express contractual right to sue and recover in its own name is not a real and substantial party.

invoke the same purported loophole relied upon by Defendants here, stating that it "doesn't make the slightest bit of sense" to argue that a forum citizen can evade the forum defendant rule by filing a notice of removal before the process server arrives.  Ex. A at 8.[5]

Defendants' strained reading of the diversity statute to allow a New York citizen to remove an action to this Court is directly at odds with "diversity jurisdiction's basic rationale, namely, opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties."  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1188 (2010). "Since a defendant has no risk of suffering even presumptive local prejudice in a state court located in his or her home state, there is no reason to provide that defendant the option of a federal forum."  Hawkins v. Cottrell, Inc., 785 F. Supp. 2d 1361, 1369 (N.D. Ga. 2011) (O'Kelley, J.); accord Allen v. GlaxoSmithKline PLC, 07-cv-5045 (MMB), 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008) ("[T]he forum defendant rule prohibits removal when at least one defendant is a citizen of the forum state, because in that situation, the rationale for diversity jurisdiction no longer exists.").  Defendants are both citizens of New York and are therefore not at risk of suffering the "local prejudice" that diversity jurisdiction was designed to prevent.

Further, as Judge Kaplan explained, in imposing the forum defendant rule, Congress expressly sought to prevent forum state citizens from invoking diversity jurisdiction,

---

[5] See also In re Avandia Mktg., Sales Practices & Products Liab. Litig., 624 F. Supp. 2d 396, 410 (E.D. Pa. 2009) ("This Court . . . rejects any construction of § 1441(b) that would allow an in-state defendant to side-step the restrictive purpose of the forum defendant rule by 'racing to remove' before being served with process."); Ibarra v. Protective Life Ins. Co., No. CV–09–049–TUC–CKJ, 2009 WL 1651292, at *3 (D. Ariz. June 12, 2009) ("[I]t is difficult to comprehend why [the forum defendant rule] should be allowed to promote gamesmanship by defendants"); Standing v. Watson Pharms. Inc., No. CV09-0527 DOC(ANX), 2009 WL 842211, at *4 (C.D. Cal. Mar. 26, 2009) (defendants' "gamesmanship [] undermines the [] forum defendant rule"); Sullivan v. Novartis Pharms. Corp., 575 F. Supp. 2d 640, 647 (D.N.J. 2008) ("allowing defendants to engage in [this] type of gamesmanship [] is demonstrably at odds with Congressional intent"); Ethington v. Gen. Elec. Co., 575 F. Supp. 2d 855, 862 (N.D. Ohio 2008) (same); Brown v. Organon Int'l, Inc., 2008 WL 2833294, at *5 (D.N.J. July 21, 2008) (same); DeAngelo-Shuayto v. Organon USA Inc., Civil Action No. 07-2923 (SRC), 2007 WL 4365311, at *3 (D.N.J. Dec. 12, 2007) (removing prior to service is an "untenable result").

9

even where—unlike here—there is complete diversity.  Accordingly, the loophole Defendants

ask this Court to recognize would wholly undermine the patent purpose of the legislature:[6]

> The whole point of allowing removal in diversity cases was to protect out-of-staters against presumed in-state prejudice and here you've got Merrill Lynch, a New York defendant, removing. Clearly if it had been served it couldn't possibly [remove]. And I just don't see how anybody in his right mind could have intended otherwise here . . . I just don't buy the argument. It is flatly inconsistent with the purposes of the diversity jurisdiction, it is inconsistent in my opinion with the underlying policy of Congress in prohibiting removal by in-state defendants and it is, in my view . . . a straightforward question. Ex. A at 8, 20-21; Ex. D at 1.

Defendants' argument is not only at odds with the purpose of diversity

jurisdiction and the forum defendant rule, it is also at odds with the very statutory language on

which Defendants rely.  Defendants ground their argument entirely on the "properly joined and

served" language of Section 1441(b).  However, "[t]he purpose of the 'joined and served'

requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident

party against whom it does not intend to proceed, and whom it does not even serve."  Stan

Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003) (Lynch,

J.); see also Allied Programs Corp., 592 F. Supp. at 1277 (finding fraudulent joinder of unserved

in-state defendant).  Thus, where an in-state defendant has been fraudulently joined (but not

served) solely to prevent removal, "Defendants are entitled to act to remove a case based on the

circumstances at the time they are sued, and are not required to guess whether a named resident

defendant will ever be served."  Stan Winston, 314 F. Supp. 2d at 181.  In this case, there is no

---

[6] See, e.g., Allen, 2008 WL 2247067 at *5 ("Congress intended [Section] 1441(b) to restrict, not expand, federal jurisdiction. Accordingly, exercising jurisdiction that is otherwise lacking simply because the resident defendant obtained notice and copies of the complaint prior to service would frustrate Congressional intent."); Hawkins, 785 F. Supp. 2d at 1372 ("The forum defendant rule prevents the removal of cases that otherwise satisfy the demands of federal subject matter jurisdiction.  In enacting this rule, therefore, Congress intentionally created a scheme whereby a plaintiff could select its own forum, except when that forum was presumptively prejudicial to the defendant.").

argument that either defendant was fraudulently joined; furthermore, and as explained, each of

the Defendants has now been "properly joined and served."

Those courts that have carefully reviewed the language and patent purpose of the

"properly joined and served" provision have concluded that it does not provide a loophole

permitting a forum defendant to remove on diversity grounds.  Rather, the provision mandates

that at least <u>one</u> defendant actually have been served before a notice of removal is filed, since

"[o]therwise it makes no sense to examine whether '[any]' of these parties is a citizen of the

State in which such action is brought."  <u>Hawkins</u>, 785 F. Supp. 2d at 1369.[7]  Here, because <u>no</u>

Defendant had been served with the Complaint before they removed, removal was improper

under the plain meaning of § 1441(b)(2).[8]

In sum, this Court should reject Defendants' attempt to work an end run around

the forum defendant rule enacted by Congress, thus requiring the remand of this action to the

Supreme Court of the State of New York.[9]

---

[7] <u>See also</u> <u>Holmstrom v. Harad</u>, 05-cv-2714 (MEA) 2005 WL 1950672, at *2 (N.D. Ill. Aug. 11, 2005) ("The 'joined and served' requirement makes sense . . . when [at least] one defendant has been served but the named forum defendant has not") (citing <u>Stan Winston</u>, 314 F. Supp. 2d at 181); <u>Vivas v. Boeing Co.</u>, 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007) (ordering remand where no defendant had been served). Requiring service on at least one defendant is also consistent with the statute's broader context—otherwise Defendants' "whole argument doesn't make the slightest bit of sense." Ex. A at 8; <u>see also</u> <u>Castellano v. City of New York</u>, 142 F.3d 58, 67 (2d Cir. 1998) ("In interpreting a statute, [courts] first consider the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.").

[8] Furthermore, requiring service of the complaint on at least one defendant before removal does not prejudice non-forum defendants. As the <u>Holmstrom</u> court explained, "[w]hen no defendant has been served . . . the non-forum defendant stands on equal footing as the forum defendant.  Neither defendant in that scenario is obligated to appear in court.  Nor has the thirty-day period for removal started to run for the unserved non-forum defendant." 2005 WL 1950672, at *2 (citations omitted); <u>see also</u> <u>Fields v. Organon USA Inc.</u>, 07-cv-2922(SRC), 2007 WL 4365312, at *5 (D.N.J. Dec. 12, 2007) (stating that "an out-of-state defendant should not fear local bias before it is served, and therefore, has no basis for removal before it has been served").

[9] The two cases Defendants cite in support of their loophole argument in fact support the proper interpretation of the removal statute.  <u>See</u> <u>Stop & Shop Supermarket Co. LLC v. Goldsmith</u>, 2011 WL 1236121, at *1, *6 (S.D.N.Y. Mar. 31, 2011) (out-of-state defendant <u>served</u> with complaint properly removed before in-state defendant was served); <u>In re Fosamax Prods. Liab. Litig.</u>, 2008 WL 2940560, at *5 (S.D.N.Y. July 29, 2008) (noting that "[p]laintiff does not claim that she served [any] <u>in-state</u> defendant before removal") (emphasis added).

Defendants' contention that Torchlight "waived any objection to removal [of this action] . . . under § 1441(b)(2)" because it did not seek to remand <u>Torchlight I</u>—a case that was voluntarily dismissed before this action

11

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request that the Court

remand this action to the Supreme Court of the State of New York.

Dated:   December 26, 2012
             New York, New York

By:   s/ Christopher R. Belmonte
      Christopher R. Belmonte
      Pamela A. Bosswick
      Nathan J. Berkebile

Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200

*Attorneys for Plaintiff Torchlight Loan
Services, LLC*

---

was filed—within thirty days is meritless.  Notice of Removal, ECF No. 1 ¶ 18.  It is hornbook law that "a voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed."  C. Wright & A. Miller, 9 Fed. Prac. & Proc. Civ. § 2367 (3d ed.); see also Sandstrom v. ChemLawn Corp., 904 F.2d 83, 86 (1st Cir. 1990) (Selya, J.) ("[A] voluntary dismissal under Fed.R.Civ.P. 41(a) wipes the slate clean, making any future lawsuit based on the same claim an entirely new lawsuit unrelated to the earlier (dismissed) action.") (citations omitted).  In any event, the absence of complete diversity in this action is a subject matter jurisdiction defect that cannot be waived.

1570484_1