UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X




TORCHLIGHT LOAN SERVICES, LLC, AS SPECIAL SERVICER TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO BANK OF AMERICA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007 C-2,

Plaintiff,

12 Civ. 8579(RWS)

-against-

OPINION

COLUMN FINANCIAL, INC., AND CREDIT SUISSE (USA), INC.,

Defendants.

--------------------------------------X

A P P E A R A N C E S:

Attorneys for Plaintiff

SATERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169
By: Christopher R. Belmonte, Esq.
Pamela A. Bosswick, Esq.
Nathan J. Berkebile, Esq.

Attorneys for Defendants

DUVAL & STACHENFELD LLP
101 Park Avenue, 11th Floor
New York, New York 10178
By: Allan N. Taffet, Esq.
Brian A. Burns, Esq.
Joshua C. Klein, Esq.

**Sweet, D.J.**

Plaintiff Torchlight Loan Services, LLC ("Plaintiff" or "Torchlight") has moved for an order remanding this action to the Supreme Court of the State of New York, New York County (the "New York Court"). Concurrently, defendants Column Financial, Inc. ("Column") and Credit Suisse (USA), Inc. ("Credit Suisse" and, together with Column, "Defendants") have moved to sever certain of the claims asserted in the instant action pursuant to Fed. R. Civ. P. 21 ("Rule 21").

Upon on the conclusions set forth below, Plaintiff's motion is granted, and Defendants' motion is denied.

**Prior Proceedings**

On November 19, 2012, Torchlight filed a complaint (the "Complaint") in the New York Court, asserting causes of action relating to alleged misrepresentations by Column regarding a commercial property located in Elgin, Illinois (the "Elgin Claims") and alleged misrepresentations by Column with respect to a commercial property located in Circle Pines, Minnesota (the "Circle Pines Claims").

On November 26, 2012, Defendants removed the action to this Court on the basis of diversity jurisdiction.

On December 21, 2012, Defendants moved to sever the Circle Pines Claims from this action.

On December 26, 2012, Torchlight moved to remand the instant action to New York Court.

Defendants' motion to sever and Torchlight's motion to remand were heard and marked fully submitted on February 6, 2013.

**The Facts**

Plaintiff Torchlight is a citizen of New York, and is the special servicer of a mortgage-backed security offering called Series 2007-C2 (the "MBS"). The MBS comprises a pool of hundreds of commercial mortgage loans that were originated by defendant Column and then, pursuant to a mortgage loan purchase agreement dated May 1, 2007 (the "MLPA"), sold to Credit Suisse First Boston ("CSFB"), which is an affiliate of defendant Credit

Suisse. Pursuant to a pooling and servicing agreement dated May 1, 2007 (the "PSA"), CSFB transferred the pool of loans into a trust (the "Trust") established to hold the loans for the benefit of the certificate holders of the MBS. The Trust then issued certificates (the "Certificates") to CSFB, which sold them to an underwriter, who in turn eventually resold them to those wishing to invest in the MBS. U.S. Bank National Association ("U.S. Bank" or the "Trustee") is the current trustee of the Trust.

Pursuant to the MLPA, Column made a number of express representations and warranties regarding the constituent loans of the MBS, including the two loans - the Elgin Loan and the Circle Pines Loan - that are the subject of the instant action. Torchlight has alleged in the Complaint that a number of those representations and warranties were false with respect to the Elgin Loan and the Circle Pines Loan, and therefore that Column is obligated to repurchase those two loans pursuant to the MLPA and the PSA.[1]

---

[1] Torchlight has also alleged that defendant Credit Suisse, in its capacity as guarantor for Column's repurchase obligations, shares the obligation to repurchase the Elgin Loan and the Circle Pines Loan.

In September 2011, Torchlight filed a complaint in New York Court that asserted claims arising from Column's alleged misrepresentations regarding Elgin Loan (the "Elgin Action"). Column removed the action to this Court on the basis of diversity, contending that diversity jurisdiction existed because even though both Torchlight and Column are New York corporations, the Trustee, a citizen of Ohio, was the relevant party for jurisdictional purposes. Column thereafter moved to dismiss the action, and on July 25, 2012, this Court issued an opinion granting in part and denying in part Column's motion to dismiss. See Torchlight Loan Svcs., LLC v. Column Financial, Inc., No. 11 Civ. 7426 (RWS), 2012 WL 3065929 (S.D.N.Y. July 25, 2012).

Torchlight was given leave to replead, and filed an amended complaint on August 13, 2012. On September 28, 2012, Column moved to dismiss the amended complaint in its entirety.

On October 22, 2013, while Column's motion to dismiss the Elgin Action was pending, Torchlight filed another action in federal court asserting claims arising from alleged misrepresentations by Column regarding the Circle Pines Loan (the "Circle Pines Action"). Torchlight requested that the

action be marked as related to the Elgin Action, which was at that time pending before this Court.[2]

On November 5, 2012, Torchlight voluntarily dismissed both the Elgin Action and the Circle Pines Action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) ("Rule 41").

On November 19, 2012, Torchlight filed the instant action, which asserts claims arising from both the Elgin Loan and the Circle Pines Loan, in New York Court. However, before Torchlight could serve the Complaint upon Defendants, Defendants removed the action, asserting that federal jurisdiction was proper due to complete diversity of the parties.

**Applicable Standard**

"When challenged, the party seeking removal bears the burden of establishing that the federal district court has jurisdiction." Allstate Ins. Co. v. CitiMortgage, Inc., No. 11 Civ. 1927 (RJS), 2012 WL 967582, at *2 (S.D.N.Y. Mar. 13, 2012). Moreover, on a motion to remand, the court "must construe all

[2] The Court declined to accept the Circle Pines Action as related. See Declaration of Joshua C. Kline In Opposition to Motion to Remand to State Court ("Kline Decl."), Ex. H.

disputed questions of fact and controlling substantive law in favor of the plaintiff." In re NASDAQ Mkt. Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996). In addition, "[r]emoval statutes are construed narrowly and all uncertainties are resolved in favor of remand in order to promote the goals of federalism, restrict federal court jurisdiction, and support the plaintiff's right to choose the forum." Curtin v. Port Authority of N.Y., 183 F. Supp. 2d 664, 667 (S.D.N.Y. 2002).

**The Forum Defendant Rule Precludes Removal Of This Action**

The Forum Defendant Rule, 28 U.S.C. § 1441(b), states that a civil action otherwise removable on the basis of diversity jurisdiction may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Some courts have interpreted the statutory language "properly joined and served" to mean that if a resident defendant, *i.e.*, a defendant with citizenship in the state in which the suit had been commenced, had not yet been served at the time a motion was made to remove the case, the Forum Defendant Rule does not preclude removal. However, this Court has held to the contrary, namely that "mere failure to serve a resident defendant properly

named in the complaint [before a motion to remove is made] will not permit removal." Allied Programs Corp. v. Puritan Ins. Co., 592 F. Supp. 1274, 1276 (S.D.N.Y. 1984); accord, e.g., In re Avandia Mktg., Sales Practices & Prods. Liab. Litig., 624 F. Supp. 2d 396, 410 (E.D. Pa. 2009) ("This Court . . . rejects any construction of § 1441(b) that would allow an in-state defendant to side-step the restrictive purpose of the forum defendant rule by 'racing to remove' before being served with process."). Under this construction of the statute, the phrase "properly joined and served," is read as merely precluding application of the Forum Defendant Rule in situations where a plaintiff has engaged in "fraudulent joinder," *i.e.*, an attempt to "defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties who are not truly related to the cause of action but who happen to be residents of the state where the action is brought."[3] Id.

Here, Torchlight filed the Complaint on November 19, 2012, naming as defendants Column and Credit Suisse, both of which are citizens of New York. See Dkt. No. 1 ("Notice of

---

[3] This construction of § 1441(b) accords with the general rule that "[r]emoval statutes are construed narrowly and all uncertainties are resolved in favor of remand in order to promote the goals of federalism, restrict federal court jurisdiction, and support the plaintiff's right to choose the forum." Curtin, 183 F. Supp. 2d at 667.

Removal") ¶ 14. There is no indication that either (or both) of the defendants were named by Torchlight in an attempt to engage in fraudulent joinder, and no such contention has been advanced by the Defendants. As such, even though the Defendants removed the instant action two days before they were served with the Complaint, the Forum Defendant Rule nonetheless precludes removal of this action. See Allied Programs, 592 F. Supp. at 1276.

Defendants have contended that "Allied Programs does not hold that the Forum Defendant Rule applies even when a diverse in-state defendant had not been properly served as of the date of removal," and in support of this position have noted that the opinion "stated only that 'mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety for removal.'" Defendants Column Financial, Inc.'s and Credit Suisse (USA) Inc.'s Memorandum of Law In Opposition to Plaintiff's Motion To Remand to the Supreme Court of the State of New York ("Def. Opp.") at 11 (quoting Allied Programs, 592 F. Supp. at 1276) (emphasis theirs). However, the language quoted and emphasized by Defendants is actually from an opinion by the Eighth Circuit, which was merely quoted by Allied

Programs as supportive authority. See Allied Programs, 592 F. Supp. at 1276 (quoting Pecherski v. Gen. Motors Corp., 636 F.2d 1156, 1160) (8th Cir. 1981)). Allied Programs' actual holding is expressly articulated several sentences earlier in the opinion, where it states with approval that "Judicial interpretation of the [Forum Defendant Rule] has indicated that mere failure to serve a resident defendant properly named in the complaint will not permit removal." Id. Allied Programs' adoption of this interpretation of § 1441 is obvious from the content of the opinion, which held that in a scenario where an action named a resident defendant but was removed prior to service of the complaint on that defendant, the Forum Defendant Rule would have precluded removal were it not for the fact that the resident defendant was named in an attempt at fraudulent joinder. Id. at 1276-78.

The instant case presents a scenario materially identical to that in Allied Programs except for the fact that here there is no evidence that Torchlight has engaged in fraudulent joinder. Accordingly, this Court's holding in Allied

Programs dictates that the Forum Defendant Rule precludes removal of the instant action.[4]

**Torchlight Has Not Waived The Right To Invoke The Forum Defendant Rule With Respect To The Elgin Claims**

Defendants have contended that even if the Forum Defendant Rule applies to the instant action, Torchlight has waived the right to invoke that rule with respect to the Elgin Claims. Def. Opp. at 12-15. According to Defendants, Torchlight effectively "ratified removal" of the Elgin Action because (1) it failed to timely object to removal of the Elgin Action, and (2) it took "affirmative acts invoking this Court's jurisdiction" by filing an amended complaint in the Elgin Action and initiating the Circle Pines Action in federal court and asking that it be accepted as related to the Elgin Action. Id. at 14.

However, the cases cited by Defendants in support of this position are inapposite. In American Home Assurance Co. v.

[4] There is no need to reach the question of whether Torchlight or U.S. Bank is the pertinent party for determining if diversity jurisdiction exists, since the Court lacks jurisdiction over this action pursuant to the Forum Defendant Rule even if, *arguendo*, the Defendants are correct that the diversity analysis implicates U.S. Bank's citizenship rather than that of Torchlight.

RJR Nabisco Holdings Corp., 70 F. Supp. 2d 296 (S.D.N.Y. 1999), the court found that remand of the action was inappropriate because the plaintiff had previously asked to have that same action consolidated with another action. Id. at 299. Here, the actions for which Torchlight had previously sought consolidation - the Elgin Action and the Circle Pines Action - are no longer pending before this Court or any other federal court, as both were voluntarily dismissed in November 2012. A plaintiff has the "unfettered right voluntarily and unilaterally to dismiss an action" under Rule 41, Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir. 1979), and as this Court has noted, the filing of a notice of dismissal pursuant to Rule 41 "leaves the situation as if the action had never been filed." Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Pub. Inc., 8 F. Supp. 2d 357, 362 (S.D.N.Y. 1998). Accordingly, American Home Assurance's holding that remand was inappropriate for a pending case when the plaintiff had requested consolidation of that same case is inapposite to the instant action, where the slate has been wiped clean since Torchlight's request for a finding of relatedness, which at any rate was made with respect to a different and distinct action than the one currently before the Court.

In Legal Aid Society v. City of New York, No. 97 Civ. 7566 (SHS), 1998 WL 689950 (S.D.N.Y. Sept. 30, 1998), the court based its denial of the remand motion on the fact that at the same time that the plaintiff was seeking to keep the action out of federal court, the plaintiff was simultaneously asking the court to vacate its dismissal of "a nearly identical" federal suit also filed by plaintiff, and thereby allow plaintiff to continue pursuing that "nearly identical" action in federal court. Id. at *2. In contrast, here Torchlight voluntarily dismissed both of its federal suits in November 2012, and since that time has sought to proceed only in state court. Accordingly, Legal Aid Society is inapposite.

Defendants have presented no authority supporting the proposition that what they characterize as "Torchlight's manipulative conduct," Def. Opp. at 13, *i.e.*, Torchlight's voluntarily dismissal of its federal claims and subsequent filing of the instant action in state court, warrants the Court retaining jurisdiction over the Elgin Claims. Moreover, the Second Circuit has held that "[a]s long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge," Thorp, 599 F.2d at 1177 n. 10, and federal courts have generally had the

practice of affirmatively sanctioning dismissal of an action even when plaintiff's "manifest[]" purpose in dismissing is to "defeat federal jurisdiction." Katzman v. Am. Airlines, Inc., No. 97 Civ. 8321 (JSM), 1997 WL 752730, at *1 (S.D.N.Y. Dec. 4, 1997) (holding that a voluntary dismissal was proper where "plaintiff refiled the same claim in state court, this time pleading only $74,000 as the amount in controversy in order to avoid a second removal to federal court," and further noting that "even when plaintiffs seek discretionary dismissal under Rule 41(a)(2), nearly all courts grant those dismissals when defendant's only argument against dismissal is that the plaintiff manifestly seeks to defeat federal jurisdiction"). Accordingly, Torchlight has not waived its right to invoke the Forum Defendant Rule with respect to the Elgin Claims.[5]

[5] Since the Forum Defendant Rule precludes jurisdiction over both the Circle Pines Claims and the Elgin Claims, Defendants' citations to In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 247 F.R.D. 420, 426-27 (S.D.N.Y. 2007) and In re Rezulin Prods. Liab. Litig., 168 F. Supp. 2d 136, 148 (S.D.N.Y. 2001) for the proposition that "where a plaintiff seeks to avoid jurisdiction by joining claims arising from separate transactions to an action in which jurisdiction already exists, courts have not hesitated to sever the separate claims and retain jurisdiction over the claims *already properly before the court*," Def. Opp. at 13 (emphasis added), are inapposite because none of Torchlight's claims are "already properly before the court" at this juncture.

## Conclusion

Based on the conclusions set forth above, Plaintiff's motion to remand is granted, and Defendants' motion to sever is denied without prejudice as moot.[6]

It is so ordered.

**New York, NY**
**July 23, 2013**

**ROBERT W. SWEET**
**U.S.D.J.**

[6] Since the Forum Defendant Rule precludes removal of the instant action, this Court lacks jurisdiction, thereby rendering moot Defendants' motion to sever. See Johnson v. Glaxo Smith Kline, 214 F.R.D. 416, 422 (S.D. Miss. 2002).